UNITED STATES
DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL 2 1 2008 MB
JuL 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE # 08C3996

JUDGE: JOAN H LEFKOW

RE PETITIONER THOMAS CUNNINGHAM

NOW COMES PETITIONER WHO IS
NOT AN ATTORNEY NOR REPRESENTED BY
AN ATTORNEY AND MOVES THIS
Honorable Court TO:

SUPLEMENT WRIT OF MANDAMUS

1) Petitioner HAS very LITTle reasourses
AND can only Send Documents WHEN
He GETS STAMPS. Petitioner
WISHES TO Include these
Documents FOR REVIEW.

2-16-2008
DATE



RECEIVED

JUL 1 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS CUNNINGHAM

Vs

CASE NO 07 CR 605
JUDGE: HARRY D LEINENWEBER

UNITED STATES OF AMERICA

---

OMNIBUS MOTION
MOTION FILING A PRO-se APPEARANCE/MOTION TO WITHDRAW COUNSEL ON RECORD AND
STANDBY COUNSEL/MOTION FOR AN EMERGENCY HEARING

1) Petitioner files a formal Appearance on his own behalf after
Intelligently waving his right to counsel in this matter. CASE NO: 07 CR 605
at the District Level.

2) Petitioner formally Motions this Court for the second time Removing
Clifford Green as Counsel on record and Standby counsel with Defendants right
to self representation Guaranteed By the Sixth Amendment of the United States.

3) Petitioner moves this court for an emergency hearing with respect to
another continuance made without consent by Petitioner this day of July 8
2008. Petitioner believes that intentional prolonging of the issue The
Governments Violation of the Speedy Trial Act without Petitioners Knowledge
nor consent furthers this Prejudice against Him and respects a Disposition in
this Matter.

4) Petitioner Has prepared  a Writ of Mandamus to resolve this matter out of
necessity.


SIGN [signature]                    DATE July 8/2008

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 605 |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| THOMAS CUNNINGHAM | ) | |

## DEFENDANT THOMAS CUNNINGHAM'S MOTION FOR
## IMMEDIATE MEDICAL TREATMENT

Defendant THOMAS CUNNINGHAM, by the Federal Defender Program and its

attorney, CHRISTINA FARLEY JACKSON, submit the following motion requesting that he be

transferred to the Metropolitan Correctional Center and receive immediate medical treatment. It

is urgent that Mr. Cunningham receive treatment from both a dentist and a doctor. In support of

this motion, he states the following:

1. An initial appearance was held in this case on September 15, 2007. Mr. Cunningham

waived his preliminary examination and detention hearing on September 18, 2007. Mr.

Cunningham appeared for an arraignment and plea on October 16, 2007 and entered a plea of not

guilty at that time.

2. Since his initial appearance, Mr. Cunningham has been incarcerated in Kankakee at

the old facility.

3. While at the old facility in Kankakee, he has not received necessary medical treatment

from either a dentist or a doctor.

4. Mr. Cunningham made continual requests to see a dentist during the month of

October 2007. He was told that it would take 8 weeks for him to receive an appointment with a

dentist. He was experiencing such pain in his tooth that he believed that he had an abscess. He

again filled out request forms to see a dentist, which were never granted. In each request, he stressed the fact that he believed there was an infection in his jaw. On November 1, 2007, Mr. Cunningham submitted an emergency request to see a dentist due to the abscess in his tooth and the fact that his was swollen at that point because of the lack of treatment. All of his requests were ignored and he never saw a dentist. Mr. Cunningham ultimately resorted to pulling his own tooth - without any medication - to stop the pain, swelling, and hopefully prevent the infection from spreading further.

5. Immediately following the extraction that Mr. Cunningham was forced to perform himself, he put in a medical slip informing authorities of what he had done. He submitted additional requests throughout the week requesting antibiotics, pain medication, and still requesting to see the dentist because he believed that there was still a piece of his tooth remaining. His requests were not granted and Mr. Cunningham was never taken to see a dentist.

6. Currently, Mr. Cunningham is suffering from significant hearing loss in his left ear, which he justifiably believes is related to the abscess in his tooth, the fact that he has not received necessary treatment for this infection and was forced to perform an extraction on his own, and any tooth particles that may still be present. Additionally, there is swelling on the right side of his face under his eye due to what he believes is another abscess in one of his teeth. Again, he has submitted numerous requests to see a dentist and still has not seen one to date.

7. In addition to suffering from hearing loss, Mr. Cunningham has contracted MRSA, a highly contagious infection. See Attachment A. Around November 17, 2007, Mr. Cunningham noticed that his skin had started to break out. He put in requests to see a doctor or a nurse for the problems that he was having with his skin. He did not see a doctor or a nurse, but rather was told by staff members that he had bug bites. One staff member informed later that he had to go to the

nurse immediately because they were in fact not bug bites. After seeing the nurse, he was given medication and quarantined, on approximately November 19, 2007. He was informed that he had MRSA, a highly contagious infection. An officer on staff at the jail was required to drain the pus that had accumulated on the sores on his right arm. He was given medication to insert into his nostrils and was given a potent gel to wash his entire body with. He experienced side effects, such as vomiting, from the medication. No blood work was ever taken, he was never asked whether he was allergic to any medication, and was told that other inmates in the jail had MRSA. Mr. Cunningham never saw a doctor and was never medically cleared for release from quarantine. In spite of this, he was released on approximately November 27, 2007.

8. At this time, Mr. Cunningham is exhibiting symptoms of what appear to once more be MRSA. He has made repeated requests to see a doctor, but his requests have gone unanswered and he has still not seen a doctor. Currently, there is pus appearing on the sores on his body, he has not been quarantined, and is not receiving treatment for this infection. He has had to drain pus from the sores himself on one of his arms using a staple.

9. As the health of Mr. Cunningham has been sincerely compromised since he has been incarcerated at the Kankakee facility, the undersigned counsel urgently requests that Mr. Cunningham be transferred to the Metropolitan Correctional Center and that he immediately receive necessary medical treatment from both a doctor and a dentist.

RECEIVED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 1 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THOMAS CUNNINGHAM )      NO:07CR605
                 )      JUDGE: HARRY D LEINENWEBER
    Vs.          )
                 )
UNITED STATES OF AMERICA )
                 )

## MOTION

Now comes the Petitioner Thomas Cunningham Pro-se, under necessity and moves this honorable court pursuant to Rule 47 FEDERAL RULES OF CRIMINAL PROCEDURE for an order producing documents for copy and inspection to establish  sanctions under U.S.C 18 3162 (a)(2) and 18 U.S.C 3164 for Governments Violation of THE SPEEDY TRIAL ACT 18 U.S.C 3161.

1) Copies of all ATTORNEY appearances on behalf of the Defendant and the Government filed and ordered in 07CR605.

2) A copy of the true INDICTMENT and all counts redacted.

3) A copy of the DESIGNATION sheet and a description of the numbered categories. (see) Docket entry sheet # 8.

4) A Transcript of 16.1 (A) Conference to be held on 10/23/2007.

5) Copies of all pretrial motions to be filed by 11/13/2007.

6) A copy of Any purposed plea agreement under consideration by the court to be entered into by the Defendant and the Government actually under advisement by the Court.

7) Copies of all pretrial motions or declarations filed by the Defendant.

8) An order demanding MCC to produce all signed intake classification forms all classification review's signed and participated as required with in 21 day's by Petitioner.

9) An order demanding MCC to produce all Medical and Dental records including x rays of the petitioner.

10) An order demanding MCC to produce all photo's of Petitioners injuries taken on about 03/27/2008 and 04/09/2008.

11) An order demanding MCC to produce 3 copies of Video Taped Footage of the  staff assault on petitioner Thomas Cunningham, time frames from 3:30 pm until 4:30 pm  on  04/09/2008.

Petitioner respects the court will provide this evidence in preparation for His hearing in a timely matter.

SIGNED _____          DATED 5-15-2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CR 605 |
| | ) | |
| THOMAS CUNNINGHAM, | ) | Chicago, Illinois |
| | ) | ▬▬▬▬▬▬▬ |
| Defendant. | ) | 9:45 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE HARRY D. LEINENWEBER

APPEARANCES:

For the Plaintiff:         UNITED STATES ATTORNEY'S OFFICE
                           MS. FELICIA MANNO ALESIA
                           219 South Dearborn Street
                           Chicago, Illinois 60604
                           312-353-5300


For the Defendant:        FEDERAL DEFENDER PROGRAM
                           MS. HELEN JOONG KIM
                           55 East Monroe Street
                           Chicago, Illinois 60603
                           312-621-8300


Court Reporter:            FEDERAL OFFICIAL COURT REPORTER
                           MS. KRISTA FLYNN BURGESON
                           219 South Dearborn Street
                           Chicago, Illinois 60604
                           (312) 435-5567
                           Krista_Burgeson@ilnd.uscourts.gov

*19 DAYS   APRIL 17*

2

1          THE CLERK:  07 CR 605, United States versus Thomas

2    Cunningham.

3          MS. ALESIA:  Good morning, your Honor.  Felicia Manno

4    Alesia on behalf of the United States.

5          MS. KIM:  Good morning.  Helen Kim with the Federal

6    Defender Program here on behalf of Tom Cunningham.

7          For the record, your Honor, Christina Farley Jackson

8    was representing Mr. Cunningham.  She is on maternity leave.

9    ████████████████████████████████████████████████████████

10   ████████████████.

11         THE COURT:  Is this a blind plea?

12         MS. ALESIA:  That is what we are scheduled for.

13         THE COURT:  Are we going ahead with it?

14         MS. KIM:  Your Honor, after speaking with

15   Mr. Cunningham today he indicated to me that he is not

16   prepared to go forward.

17         It is not an issue of whether or not he wants a trial

18   in this case, he indicates that he still wants to plead

19   guilty, but he is having issues at the Metropolitan

20   Correctional Center now that I might be able to summarize and

21   then perhaps -- well, he wanted to address the Court, but

22   maybe I can summarize first, then he can step in at that

23   point.

24         My understanding from both Mr. Cunningham and

25   speaking with Christina Farley Jackson is that when

1    Mr. Cunningham was at Kankakee Jail, he was dealing with a

2    number of situations, medically, that ended up resulting in,

3    I believe, a motion, an emergency motion before your Honor,

4    where you not only entered an order that he be transferred to

5    the Metropolitan Correctional Center, but that he receive the

6    sufficient medical care necessary at that time, and I think it

7    was for dental work potentially, I believe, and I believe he

8    ended up extracting his own tooth.

9        THE DEFENDANT:  And I contracted MRSA while in that

10   facility, your Honor.

11       MS. KIM:  Subsequently, since he has been at the MCC,

12   I believe there have been some issues that have gone on there

13   more than once that he has contacted me about.

14       Specifically today he wanted me to let the Court know

15   that he feels that he is in danger at the Metropolitan

16   Correctional Center by the guards that are there and he was

17 

18

19

20       I told him that that was likely not within your

21   purview, and that that would be a civil lawsuit, but at the

22   same time, he said that the issues that are going on there

23   right now are what are preventing him from going forward with

24   the plea today and he, as I said, wanted to address the Court

25   directly.

1          I don't know whether you need him to or want him to

2    or have any --

3          THE DEFENDANT:  If I may, your Honor.

4          THE COURT:  Excuse me?

5          THE DEFENDANT:  If I may, your Honor.

6          THE COURT:  Change places with your lawyer so you can

7    talk into the microphone.

8          THE DEFENDANT:  Okay.

9          Your Honor, first on January 22nd you gave me a Court

10   order to go to the MCC for emergency medical treatment.  On

11   February 19th of 2008 I finally got the dental work that I

12   needed, there were bone fragments that were in my face.  I was

13   actually given -- and my initial physical exam occurred on

14   3-10.

15         At that point, I was then placed -- when I got to

16   Kankakee I was -- or to the Metropolitan Correctional Center I

17   was placed in a unit for sentenced inmates as a pretrial

18   inmate.  I was never given any type of classification hearing

19   provided by the institution.

20         I was also by the admissions of John Hernandez, a

21   sentenced inmate, this sentenced inmate threw hot scalding

22   rice soup in my face between the -- prior to inmate Cunningham

23   striking Hernandez.  I was assaulted by an inmate.  This is

24   his incident report that was given to me by the institution.

25   I was placed in confinement.  I was found at fault for that

1    assault on me by the disciplinary hearing office.

2        I am not trying to litigate a circumstance that

3    happened in prison or in the detention, but here is the record

4    of the injuries that I had on me.  Also, here is -- also, I

5    had -- ████████████████████████████████████████████████

6    ████████ ████████████ --

7        THE COURT:  ████████████ ████████████████

8    ████████████████████████████████████████████████████

9        THE DEFENDANT:  Your Honor, I am telling you, ████

10   ████████ -- I know you have been real fair with me,████

11   ████████ --

12       THE COURT:  ████████████████████████████████

13   ████████████████████

14       THE DEFENDANT:  I understand that, but my

15   circumstances are this, your Honor.

16       The only time that I ever had a classification was --

17   I never had a classification hearing, but the person that does

18   that classification hearing met me in a disciplinary setting

19   and told me that this information would be forwarded to you

20   and it will effect my sentencing.  So immediately I thought to

21   myself, well, okay, in the event this happened to me, it will

22   be forwarded to my Judge.

23   ████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████

25   ████████████████████ ████████████████████████████████

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████

4      THE COURT:  I mean, that is fine, I will give you

5 additional time, but it would seem to me that if you were

6 bound and determined to -- I mean, ████████████████████

7 ██████ ████should get ████ ████ ████████████████████████.

8      THE DEFENDANT:  And your Honor, just so you

9 understand this, and Helen can concur, my first interest and

10 intent to plead guilty to this with Christina Farley Jackson

11 was at my arraignment.

12      THE COURT:  I know, but all I am saying is --

13      THE DEFENDANT:  ████████████████████████████.

14      THE COURT:  There is always a three- or four-month

15 delay from the taking of the plea until you are sentenced.

16      THE DEFENDANT:  Right.

17      THE COURT:  Which means you are going to be here

18 longer.

19      Do you know that?

20      THE DEFENDANT:  Right, right.

21      THE COURT:  We will give you more time if you need

22 more time.  I mean, obviously we can't plead for you.

23      THE DEFENDANT:  Right.

24      THE COURT:  So, if you want additional time, fine.

25 There is not much I can do.  That is all internal disciplinary

1  procedures.  I can't effect that.  They have to run the
2  institution.
3        Now, obviously if they do something wrong you are
4  entitled to a civil remedy, and your lawyer can explain that
5  to you.
6        THE DEFENDANT:  Okay.
7        THE COURT:  But I --
8        THE DEFENDANT:  And she has.
9        THE COURT:  But I don't act as an Appellate Judge for
10  any discipline they invoke over there.
11        THE DEFENDANT:  Right.
12        THE COURT:  Now, if the government urges that you
13  should be sentenced at a higher level because of something
14  that happened over there, I mean, then obviously you are
15  entitled to be heard on that in front of me so that I can make
16  a determination whether or not that is a valid reason to
17  increase your sentence, but that would only be in the event
18  that the government wishes to rely upon that for an enhanced
19  sentence.
20        THE DEFENDANT:  Right.
21        THE COURT:  I haven't heard that they will or they
22  won't.  They don't have to make that determination yet.
23        THE DEFENDANT:  Right.
24        And just so you understand, that is by my own
25  admission that these events happened, and that I have

1    expressed them to you, the Judge.  It was my intent to tell

2    you this.  I am not --

3

4            THE COURT:  I am not in a position to rule on any of

5    the validity of that contact or anything they have done over

6    there, but obviously if it is -- if it would effect your

7    sentence obviously then it would come before me and the

8    government would have to show some evidence of something that

9    you did wrong, and you would be entitled to be heard, you

10   would be entitled to give your side, but that would not be

11   before me unless the government wishes to make it a matter

12   before me.

13           THE DEFENDANT:  All right.

14           Your Honor, I am asking for a continuance.  I don't

15   know what kind of timeframe.  I can use a couple weeks, if I

16   could, whatever, a week, whatever.  It doesn't matter.  I am

17   ready.

18

19           THE COURT:  Wanda, when is the next time we can do

20   this?

21           THE CLERK:  Next week.

22           THE COURT:  Do you want to do it next week?

23           THE DEFENDANT:

24           MS. KIM:  I will be at a conference from Wednesday

25   through Sunday.

1        THE CLERK:  What about Tuesday the 22nd?

2        MS. KIM:  I will be in Kankakee.

3        THE CLERK:  The following week, April 30th?

4        MS. KIM:  At what time?

5        THE CLERK:  9:45.

6        MS. ALESIA:  I have got a sentencing that is going to

7 last pretty much that whole day and it begins at 10:00, but I

8 am free other days.

9        MS. KIM:  May 1st?

10        THE CLERK:  The 29th or the 1st.

11        MS. ALESIA:  I am free on the 29th.  At 1:00 o'clock

12 I could work it in.

13        MS. KIM:  The 29th at 1:00?

14        THE CLERK:  I didn't say 1:00.

15        MS. KIM:  Oh, okay.

16        THE CLERK:  9:45.

17        MS. KIM:  I am sorry.  On the 29th I have something

18 at 9:30.

19        THE CLERK:  10:00 o'clock?

20        MS. KIM:  Can we do it at 11:00?

21        THE CLERK:  April 29th at 11:00.

22        THE COURT:  ██████████████████████████████

23        MS. KIM:  No objection.

24        THE COURT:  ██████████████████████████████

25 ██████████████████████████████

1    When was that?

2    THE CLERK:  April 29th at 11:00.

3    THE COURT:  Okay.

4    (Proceedings concluded.)

5

6

7

8

9    C E R T I F I C A T E

10

11

12    I certify that the foregoing is a correct transcript

13    from the record of proceedings in the above-entitled matter.

14

15

16    _____    _6-6-08_____

17    Krista Flynn Burgeson                  Date
     CSR, RPR, RMR, CRR

18

19

20

21

22

23

24

25

1   UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF ILLINOIS
2        EASTERN DIVISION

3

4   UNITED STATES OF AMERICA,              )
                                           )
5            Plaintiff,                     )
                                           )
6   vs.                                    )   No. 07 CR 605
                                           )
7   THOMAS CUNNINGHAM,                     )   Chicago, Illinois
                                           )   January 22, 2008
8            Defendant.                     )   9:30 o'clock a.m.

9

10       TRANSCRIPT OF PROCEEDINGS - MOTION
     BEFORE THE HONORABLE HARRY D. LEINENWEBER

11

12

13  APPEARANCES:

14

15  For the Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                              MS. CAROLYN McNIVEN
16                            219 South Dearborn Street
                              Chicago, Illinois 60604
17                            312-353-5300

18

19  For the Defendant:        FEDERAL DEFENDER PROGRAM
                              MS. CHRISTINA FARLEY JACKSON
20                            55 East Monroe Street
                              Chicago, Illinois 60603
21                            312-621-8300

22

23  Court Reporter:           FEDERAL OFFICIAL COURT REPORTER
                              MS. KRISTA FLYNN BURGESON
24                            219 South Dearborn Street
                              Chicago, Illinois 60604
25                            (312) 435-5567
                              Krista_Burgeson@ilnd.uscourts.gov

1           THE CLERK:  07 C 605, United States versus

2    Cunningham.

3           MS. JACKSON:  Good morning, your Honor.  Christina

4    Farley Jackson of the Federal Defender Program on behalf of

5    Thomas Cunningham.

6           MS. McNIVEN:  Good morning, your Honor.  Carolyn

7    McNiven on behalf of the government.  I am not the Assistant

8    usually assigned to this case, but since no one is here

9    standing up I will come forward.

10          Whose case is it?

11          MS. JACKSON:  Felicia's.

12          MS. McNIVEN:  Felicia, okay.

13          THE COURT:  What is the motion?

14          MS. JACKSON:  Your Honor, we filed a motion for

15   immediate medical treatment.

16          THE COURT:  Oh, yes.

17          What is the government's position?

18          MS. McNIVEN:  Your Honor, if I might have a moment

19   just to consult with Ms. Alesia.  I am obviously not aware of

20   this and she is usually quite prompt in coming up.

21          May we pass this for just a moment while I reach her

22   by E-mail?

23          THE COURT:  Yes.

24          MS. JACKSON:  Sure.

25          MS. McNIVEN:  Thank you.

1    (The above-mentioned case was passed and was.

2    recalled as follows:)

3    THE CLERK:   07 CR 605, United States versus

4    Cunningham.

5    MS. McNIVEN:   Carolyn McNiven on behalf of the

6    Government, again.

7    I would just like to report that I was not able to

8    reach Felicia Alesia.   However, I did speak with her

9    supervisor who came up to Court.   He is going to find her,

10    find a copy of the motion, and re-appear in short order before

11    you with either Felicia Alesia or himself.

12    I apologize.   I just haven't reviewed this motion nor

13    do I know any of the background facts of the case.   I

14    apologize for the United States.

15    THE COURT:   Do you want to put this over for further

16    investigation or what?

17    MS. JACKSON:   Your Honor, this is pretty immediate,

18    because Mr. Cunningham -- as we laid out in the motion, there

19    are some issues regarding his dental treatment that he has not

20    received.   He was forced to pull his own tooth.   He has now

21    lost hearing in his left ear.   There is also swelling on the

22    right side of his face and another abscess, and he still

23    hasn't seen a dentist.

24    The last time we were present we told you he had

25    contracted MRSA, a highly contagious disease, and he was

1    quarantined.  He was released from quarantine at the end of

2    November, but has since been exhibiting symptoms once more of

3    MRSA.  He has not seen a doctor.  He has requested to see a

4    doctor.  He basically has a number of pus sores on his body

5    that he has resorted to essentially try to drain himself

6    because he has not seen a doctor.

7         He has not been quarantined and this is something

8    highly infectious and contagious and it is really pretty

9    immediate.

10        THE COURT:  Where is he?

11        MS. JACKSON:  He is at the old facility in Kankakee.

12        This has been going on since -- the dental issue was

13   since October and the MRSA occurred mid November.  He was

14   released out of quarantine late November without seeing a

15   doctor or getting a medical clearance.  He now believes that

16   he is exhibiting these symptoms again.

17        MS. McNIVEN:  Your Honor, if I may, just hearing the

18   description of the motion, it is my suggestion that perhaps we

19   would agree to the motion, at least as it is represented, and

20   that if Ms. Alesia or her supervisor has an objection to it,

21   we could set a date, maybe within 24 hours, for them to voice

22   that to Your Honor.

23        I hate to hold this up further given the apparent

24   medical need of the defendant.

25        THE COURT:  Who diagnosed him as having MRSA?

JANUARY - 22

5

1        MS. JACKSON:  He never actually saw a doctor but a

2    nurse.  Originally he was told by staff members that they were

3    bug bites, but then a nurse said no, they are not bug bites.

4    She said there were other individuals there who had MRSA.

5        So, a nurse diagnosed him, gave him some sort of

6    antibiotics, some sort of medication, and he was quarantined

7    for approximately a week and then released without ever having

8    seen a doctor.  He had no blood work, no medical clearance, or

9    anything like that.

10        THE COURT:  ████████████████████████████████████

11    ████████████████████████████

12        MS. McNIVEN:  Your Honor, I would say that is

13    correct, yes.

14        THE COURT:  Okay.

15        Motion granted.

16        MS. JACKSON:  Thank you.

17        And this is Christina Farley Jackson for the record,

18    once again, for the defendant.

19        MS. McNIVEN:  And your Honor, may we have 24 hours

20    within which to challenge that if we need to?

21        THE COURT:  Yes.

22        MS. McNIVEN:  Thank you.

23        MS. JACKSON:  Thank you.

24        (Proceedings concluded.)

25

# C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


_____        6-6-08
Krista Flynn Burgeson                           Date
CSR, RPR, RMR, CRR

# INCIDENT REPORT    CDFRM

**DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

## Part I - Incident Report

| 1. Institution:    MCC CHICAGO, ILLINOIS | | | |
|---|---|---|---|
| 2. Inmate's Name<br>HERNANDEZ, JUAN | 3. Register Number<br>19531-424 | 4. Date of Incident<br>03/27/2008 | 5. Time<br>7:35 pm |
| 6. Place of Incident<br>UNIT "H" SECTION 2 | 7. Assignment<br>UNASSG | 8. Unit<br>"H" | |
| 9. Incident<br>FIGHTING | | 10. Prohibited Act Code(s)<br>201 | |

11. Description Of Incident (Date: 03/28/2008  Time: 11:30 am   Staff became aware of incident)
On Friday, March 28,2008, at approx. 11:30 am, an investigation of fighting was conducted
between inmates Cunningham #01293-424 and Hernandez, Juan #19531-424.  While interviewing inmate
Hernandez, inmate Hernandez did in fact admit to being involved in a physical altercation with
inmate Cunningham. Inmate Hernandez admitted to throwing a bowl of hot rice/soup onto inmate
Cunningham during a verbal altercation between the two inmates prior to inmate Cunningham striking
Hernandez.

| 12. Typed Name/Signature of Reporting Employee<br>B. Conrad, Lieutenant / | 13. Date And Time<br>3/28/2008 12:00 pm |
|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature) | 15. Date Incident<br>Report Delivered<br>3-28-08 | 16. Time Incident<br>Report Delivered<br>02:00PM |

## Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident

_____

_____

_____

| 18. A. It is the finding of the committee that you: | B. ____ The Committee is referring the<br>Charge(s) to the DHO for further<br>Hearing. |
|---|---|
| ____ Committed the Prohibited Act as charged.<br>____ Did not Commit a Prohibited Act.<br>____ Committed Prohibited Act Code(s)_____ | C. ____ The Committee advised the inmate of<br>its finding and of the right to file<br>an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

_____

_____

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate
committed prohibited act)

_____

_____

21. Date And Time Of Action _____ (The UDC Chairman's signature certifies who
sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

_____    _____    _____
Chairman (Typed Name/Signature)    Member (Typed Name)        Member (Typed Name)

Original - Central File Record; Yellow - DHO; Blue - Inmate After UDC Action;
Pink - Inmate within 24 hours Of Part I Preparation

(This Form May Be Replicated Via WP)                    Replaces BP-S288.052 Of MAY 94

BP-A362.060    INMATE INJURY ASSESSMENT AND FOLLOWUP (Medical) CDFR1
SEP 05
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| 1. Institution MCC/Chicago | 2. Name of Injured Cunningham Thomas | 3. Register Number 01293-424 |
|---|---|---|
| 4. Injured's Duty Assignment Unassigned | A. Housing Assignment U-23 | 5. Date and Time of Injury 3/27/08 940 |
| 7. Where did Injury Happen (Be specific as to location) U-23 Section 2 | Work Related? b Yes a X | 6. Date & Time Reported for Treatment 3/27/08 2130 |

9. Subjective. A) Cause of Injury (Inmate's Statement of how injury occurred): I was coming back
from the microwave, another inmate from 1st section
B) Symptoms (as reported by inmate): Came to my section, he threw hot
Soup in my face, I punched him after, we went
to the ground                                                    Signature of Patient

X-Rays Taken ___    Not Indicated ___
X-Ray Results

10. Objective: (Observations or Findings from Examination)
(L) eye area around, (L) ear
area redness (1st degree burn), eye conj, lat. redness
(R) arm superficial lac, (R) little finger tenderness, swelling & tenderness
over 4th phalanx/carpal

11. Assessment: (Analysis of Facts Based on Subjective and Objective Data)
(L) ear + eye area 1st degree burn, (L) eye conj irritation
(R) arm superficial lac, (R) little finger R/O fx

12. Plan: (Diagnostic Procedures with Result, Treatment and Recommended Follow-up)
Called Dr. Harvey, informed him, splint to (R) little
finger, Artificial Tears 2 drops 3 times daily to
X 10 days; Tylenol 500 mg tabs - take po Tid X 7 day #21 slot

a. No Medical Attention (Check applicable)
☐ a. No Medical Attention
☐ b. Minor First Aid
☐ c. Hospitalization
☒ d. Other (Explain)
    See 12 above

☐ e. Pain assessment: (Optional)

Mild        Moderate        Severe
1--2--3--4--5--6--7--8--9--10

Signature of Physician or Physician Assistant

Original- Medical File; Canary - Safety; Pink - Supervisor; Goldenrod - Correctional Supervisor
(This form may be replicated via WP)
Replaces BP-S162.060 of FEB 05

A. ISKANDAR, M.L.P.
Mid-Level Practitioner
MCC - Chicago

3-28-2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

THOMAS CUNNINGHAM

Vs                                    **CRIMINAL COMPLAINT**
                                       **CASE NUMBER:**

CORRECTIONAL OFFICER
D. Depaul
METROPOLITAN CORRECTIONAL CENTER
71 W Van Buren St
CHICAGO IL 60605

I the undersigned complaint being duly sworn state the following is true and
correct to the best of my knowledge and belief. On or about April 9/2008, in
Cook County, in the Northern District of illinois, Eastern Division, defendant
DiD:

        Deprive a Citizen Of the United States Of America his Constitutional
 Protected  Rights under the color of Law. By Committing Bodily injury by
assaulting Thomas Cunningham. Officer DePaul took my arm while i was in solitary
 confinement and pulled me violently through the Cuff Point,while requesting a
Law Book.This Assault went on for several minutes while Counsler Wright attemted
 to stop the assault. This was also caught on Video tape and witnessed by 4
other people AT ABOUT 3:34 and 4:15. This resulted in immediate Medical
treatment and Has effected Evry aspect of My Social understanding by SHOCKING
THE CONSCIENCE and punishing Me.

This is in Violation TITLE 18 U.S.C.S 242.

I further state that This has been reported to the Office of the inspector
Generalof the United State Department of Justice, and declared under penalty of
perjury on April 15/2008 and entered into Docket record in Case#07CR605.
This Is supported by Affidavits in witness of this assault and by Making of
this Complaint I swear Under Penalty Of Perjury That this is TRUE

                              SIGNED

_____
**Name and Title of Judicial Officer**

Cell 201-11-24

Scott Njos #30162-424

On 4-9-08 I was finishing up a legal call from counslr Wright, I got done and he come to get the phone and left, while leaving C/O DePaul was at cell 201-11-27 hollering at the top of his longs at Inmate Cuninham, Counseler Wright was standing off to the side. All of a suddle C/O DePaul started Jerking and bending Inmate Cuninham arm he let it go and started hollering again, Inmate Cuninham said you cain't do that and De Paul did it again Jerking his arm and bending it, he let go and said put your fucking Arm in, and Jerked Inmate Cuninham so hard that he made a noise and then something happened and it was all over, I think a Loutnet or counseler told him to stop but I'm not sure who.


I Swear Under Penalty of Pergery

                Scott NJOS   4-17-08

                SNjos

Tyris Smith

On April 9, 2008 at around [illegible]
I saw officer deput IfG [illegible]
Mc Cunningham [illegible]
He proceeded to twist [illegible]
arm [illegible]
[illegible] a true statement and
penalty and perjury [illegible]
is true

Signed

Tyris Smith

Counselor Wright witnessed [illegible]
as well (T. S.)

RECEIVED

MAY  7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| THOMAS CUNNINGHAM | ) | NO:07 CR 605 |
|  | ) | JUDGE HARRY D LEINENWEBER |
| Vs. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA | ) |  |

MOTION FOR DISMISSAL OF INDICTMENT
FOR VIOLATION OF THE SPEEDY TRIAL ACT 18 U.S.C. 3161


**Now Comes** the defendant, Thomas Cunningham pro-se, under necessity and moves
this honorable Court for an order dismissing the instant indictment with
prejudice for Governments violation of the SPEEDY TRIAL ACT OF 1974 18 U.S.C
3161 (c) (1) and 18 U.S.C 3164.


Petitioner is not an attorney, nor represented by an attorney in this matter
buthe brings this motion to this Honorable Court in **Good Faith** that pursuant to
the duty and obligation imposed by written Oath of Office to uphold the
Constitution and Laws **of** The United States **for** the United states of America,
that the Court will prevent or correct ( as required ) any act or omission that
would violate any right protected by the Constitution **of** the Unitad States for
The United States of America and the Laws made pursuant thereto.


1

Title 18 U.S.C. 3161 (c) (1) specific time period of (70) days for trial to begin after filing of the indictment or information,or from the date an individual appears before a judicial officer, whichever is later, and (90) days if the Government is detaining an individual who is solely awaiting trial 18 U.S.C. 3164. The cuort can exclude time for any of the reasons listed in 3161 (h).

In the present case none of the provisions that would exclude time under 3161 (h) apply. The Government filed its indictment on October 10/2007. From that date until April 29/2008, no days have been properly excluded. With it now being more than (90) days since Petitioner was presented with said incictment, Petitioner now seeks sanctions in accord with 18 U.S.C. 3162 (a) (2) and or 18 U.S.C. 3164.

F.R. CRIM.P. Rule 50 states" Preference must be givin to criminal procedings as far as practicable". And F.R. CRIM.P. 48 (b) authorizes the Court to dismiss an indictment, information or complaint if unnecessary  delay occurs in bringing a defendant to trial. These do support the sanctions imposed by 18 U.S.C. 3162 (a) (2) which states in part " If the defendant is not brought to trial within the time limits required by section 3161 (c) as extended by 3161 (h), the information or incictment Shall be dismiss upon motion by the Defendant.

## HISTORY

 Defendant was arrested on september 14/2007 andwas indicted on October 10/2007.Arrainment was held on october 16/2007. The docket sheet shows that the court Ordered excludable delay " In the Intrest Of Justice" 18 U.S.C. 3161 (h)(8)(a)(b).

At every court date thereafter i.e. 11/13/07-12/13/07-01/30/08-02/13/08-03/24/08-04/02/08-04/17/08, the docket shows that the court gave  the exact same reasons for excluding time 18 U.S.C. 3161 (h)(8)(a)(b) the record shows no reason for such an exclusion.

3161 (h)(8)(a)(b) provides in part " No such period of delay resulting in a continuance granted by the Court in accordance with this paragraph shall be excludable under this sub section unless the court sets forth, in the record of the case, either orally or in writing,  its reasons for finding that the "Ends Of Justice" served by granting of such a continuance outweigh the best intrest of the Public and the Defendant  in a speedy trial.

In this case the "Ends Of Justice" exclusion has been used to exempt the entire 224 days that the charges have been pending.The Petitioner has been incarceratedand neither He or the Public has been protected by the safeguards of the SPEEDY TRIAL ACT OF 1974 (AS AMENDED) (18 U.S.C 3161,3162,3164).

The Courts have long recognized that the "ENDS OF JUSTICE" exclusion was intended by Congress to be rarley used, and that the provision in NOT a general exclusion for EVERY DELAY, and may not be invoked in such a way as to circumvent time limitations set forth in the act.(see: U.S. V Clymer 25 F.3d 824 (9th cir 1994)

The Speedy Trial Act and its amendments are the product of a series of delicate legislatiive compomises. The Act requires criminal cases to be brought to trial promptly, subject to certain enumerated exceptions. This delicate balance would be  seriously distorted if a District Court could make "ENDS OF JUSTICE" exclusions at evry court date for what ever reason thereby exempting the entire case from the Speedy Trial Act altogether.

The Speedy Trial Act further that in determining whether to dismiss the indictment with or with out prejudice, the court must consider among others three 3) factors: (1) the seriousness of the offense, 2) facts and circumstancesof the case which led to the dismissal, 3) and the impact of reprosecution on the administration of the Speedy Trial Act and on the Administration of justice. 18 U.S.C 3162 (a)(2)

3

The first factor is" the seriousness of the offense". The offense the Petitioner
is charged with committing  bank robbery is serious. However this factor must
be  weighed aganist the "seriousness of the delay" STAYTON,791 F 2.d at 21
(citing United States v Russo, 741 F 2d 1264,1267 (11 cir 1984). as well as the
rest of the other two statutory factors. In this case the facts regarding those
other factors as well as the prejudice suffered by the Petitioner during the
delay significantly outweigh the seriousness of the offense.

## FACTS AND CIRCUMSTANCES

As stated in the History of this motion the Governments delay was
passive,neglectfull,paternable,concious,and deliberate. This delay resulted in
the Petitioners official and documented personal prejudice as follows.
At KCDC Petitioner was forced to pull his own teeth after Dental and Medical
staff refused any and all of his emergency request. Petitioner contracted (MRSA)
 a highley contagious and potentialy Fatal disease forcing Petitioner to drain
his own boils/ a specific Doctor procedure,suffered extreme pain,skin
mutilation,permenant disfigurement,while KCDC Failed to Monitor or control the
spread through petitioners body.


Petitioner sought a Court order remedy which was granted on 01/22/2008. Exactly
one month after petitioners Counsil motioned the Court **WHICH WAS THE ONLY
PRETRIAL MOTION IN THIS CASE,** surgurey was finally preformed. Petitioner was
still infected with (MRSA) on arrival at MCC and to this day shows lingering
effects of the disease. Petitioner was placed after being improperly classified
to a SENTENCED floor as a **PRE TRIAL DETAINEE,** and attacked by a violent
sentenced inmate resulting in 1 st degree burns to hie eye and left side of his
face.Petitioner did **NOT** recieve any medication for 4 days. Petitioner was placed
 in segregation, waiting a hearing on the attack Petitioner was Brutally
assualted by a Correctional officer for requesting a Law book which resulted in
emergncy medical care.

4

Petitioner remains in solitary confinment with no charges pending for any misconduct,Petitioner was advised by the court to seek civil remedies,Petitioner has not been aforded any due process,Petitioner has only had 1 phone call in near 40 days.the level of Petitioners personal prejudice suffered has reached the level of Malum in se.(Before Formal adjudication of guilt rights of PRE TRIAL DETAINEES not to be MISTREATED come from Due process clause of the Fourtheenth Ammendment) Bell v Wolfish 441 U.S. 520,537,n16 (1979). Defendants are not  required to insure speediness against themselves but the defendant under 3162 (a)(2) shall have the burden of proof of supporting such motion. Almost 8 months into this case the Government has not set a trial date nor mentioned the fact of any Pre Trial motions Ordered by the Court by 10/16/2007. The Government was concious in their actions in systematicly excluding time,the resourses of the Government are infinate in comparison to the Defendants. The Government faced no complex factors in this case of Law or Defendants presence at trial.

Congress has formalized concern over delay in disposition of criminal cases by enactment of The Speedy Trial Act of (1974) 18 U.S.C. 3161.Power to grant or deny continuance is basic tool committed to discretion of trial court and since the passage of the Speedy Trial Act of(1974) motions for continuances which would have been granted routinely in the past are now denied. United States v Correia (1976,CA1 Mass) 531 F2d 1095.

The fact is that the Governmet Waited and Waited and Waited. For this Defendant to ware down in calculating that They would never have to prepare for Trial at all.

IMPACT OF  REPROSICUTION AND THE ACT

In this case thi impact would send a shock wave to the public facing post accusacion delay. It would send a message that if an innocent person be held for trial they will have to overcome extreme presures be subject to intense Prejudice and Punnishment  in defending themselves and their Rights.

5



Reprosicution would only ammount to an injustice by saying you will be forced to
 abide by The governments Rules until they are caught breaking them and stoped
by the innocent accused. It would render the Speedy Trial Act a Ghoast and send
a message to Congress and The Speedy Trial Act until You formally review this
Courts actions it will be business as Usual.


The Speedy Trial Act is clear an unambigous.
The duties and responsibilities of the Government without regaurd to personal
opinion as to wether The Speedy Trial Act  is good Law or bad Law,Is clear an
unambigous.
The overwhelming Actual and Personal Prejudice in this case is clear an
unambigous.

Failure of the defendant to move for dismissal prior to trial or entry of a plea
 of guilty or nolo contendre shall constitute a waiver of this right to
dismissal under 3162 (a) (2).

Therefor Petitioer moves For Dismissal in Case # 07 CR 605  **WITH**  Prejudice
**UNDER 3162 (a)(2) and Seeks Sanctions In Accordance With U.S.C 18 3162(a)(2) and**
 or 18 U.S.C. 3164.

SIGNED _____

DATED _____

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS CUNNINGHAM ) NO:07CR605
) JUDGE: HARRY D LEINENWEBER
Vs. )
)
UNITED STATES OF AMERICA )
)

### MOTION

Now comes the Petitioner Thomas Cunningham Pro-se, under necessity and moves this honorable court pursuant to Rule 47 FEDERAL RULES OF CRIMINAL PROCEDURE for an order producing documents for copy and inspection to establish  sanctions under U.S.C 18 3162 (a)(2) and 18 U.S.C 3164 for Governments Violation of THE SPEEDY TRIAL ACT 18 U.S.C 3161.

1) Copies of all ATTORNEY appearances on behalf of the Defendant and the Government filed and ordered in 07CR605.

2) A copy of the true INDICTMENT and all counts redacted.

3) A copy of the DESIGNATION sheet and a description of the numbered categories. (see) Docket entry sheet # 8.

4) A Transcript of 16.1 (A) Conference to be held on 10/23/2007.

5) Copies of all pretrial motions to be filed by 11/13/2007.

6) A copy of Any purposed plea agreement under consideration by the court to be entered into by the Defendant and the Government actually under advisement by the Court.

7) Copies of all pretrial motions or declarations filed by the Defendant.

8) An order demanding MCC to produce all signed intake classification forms all classification review's signed and participated as required with in 21 day's by Petitioner.

9) An order demanding MCC to produce all Medical and Dental records including x rays of the petitioner.

10) An order demanding MCC to produce all photo's of Petitioners injuries taken on about 03/27/2008 and 04/09/2008.

11) An order demanding MCC to produce 3 copies of Video Taped Footage of the  staff assault on petitioner Thomas Cunningham, time frames from 3:30 pm until 4:30 pm  on  04/09/2008.

Petitioner respects the court will provide this evidence in preparation for =is hearing in a timely matter.

SIGNED _____     DATED 5 - 15 2008